IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 6 2014

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| JOSE RAZO, INDIVIDUALLY AND AS NEXT FRIEND OF CHRISTINA SPRINGFIELD AND KEITH SPRINGFIELD, | § § § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:14-CV-428-A |
| HOME DEPOT U.S.A., INC., | § § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration (1) the agreed motion of plaintiff, Jose Razo, individually and as next friend of Christina Springfield and Keith Springfield, for extension of time to file a motion for leave to file a first amended complaint; and (2) the motion of plaintiff to amend pleadings, join party, and remand. Defendant, Home Depot U.S.A., Inc. ("Home Depot"), filed a response to the motion to amend pleadings, join party, and remand. Having considered the motions, the pleadings, and applicable legal authority, the court concludes that plaintiff's motion to amend pleadings, join party, and remand should be denied, and plaintiff's motion for extension of time should be denied as moot.

I.

Background

Plaintiff initiated this action by filing his original petition against Home Depot in the District Court of Tarrant County, Texas, 236th Judicial District, as Cause No. 236-271475-14.  Home Depot removed the action to this court within 30 days of being served, alleging that this court has diversity jurisdiction under 28 U.S.C. § 1332.  By order signed June 18, 2014, the court ordered plaintiff by July 18, 2014, to file an amended complaint that complied with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of Texas, and to serve the amended complaint on Home depot.

On July 18, 2014, plaintiff filed an agreed motion for extension of time to file a motion for leave to file a first amended complaint and brief in support.  In the motion for extension of time, plaintiff explained that he had recently learned the identity of a new defendant and intended to add that new defendant in his amended complaint.  Plaintiff then filed his motion to amend pleadings, join party, and remand on July 25, 2014, seeking to file an amended complaint that adds a non-diverse defendant and requesting remand of the action if leave to amend and join the additional defendant is granted.

2

II.

Plaintiff's Claims

A.   State Court Petition

In his original state court petition, plaintiff makes the following factual allegations:

On or about September 1, 2012, plaintiff took his lawnmower to Home Depot to have it repaired.  Plaintiff's grandchildren, Christina Springfield and Keith Springfield, came with him.  An employee of Home Depot instructed plaintiff to lift the front of the lawn mower up, and the lawn mower cut off four of plaintiff's fingers, two on the left hand and two on the right.  Plaintiff's grandchildren witnessed the incident.

Plaintiff asserted claims of negligence and gross negligence against Home Depot.

B.   Proposed First Amended Complaint

Plaintiff's proposed first amended complaint makes the following factual allegations:

In the summer of 2012, plaintiff purchased a new Toro walk power lawnmower from Home Depot.  However, plaintiff continued to use his old lawnmower until September 1, 2012.  On or about September 1, 2012, plaintiff decided to use the new lawnmower, but it would not work properly.  Plaintiff and his grandchildren,

3

C.S. and K.S., took the lawnmower to the Home Depot where it had been purchased because the lawnmower was new and under warranty.

Plaintiff and his grandchildren were directed to a Home Depot mechanic, who, based on information provided by Home Depot, was Matthew Matney ("Matney"). Matney was the only mechanic who worked with plaintiff that day, and Matney's primary language is English, while plaintiff's primary language is Spanish, although plaintiff does understand some English. Home Depot provided to plaintiff on July 22, 2014, a video, without audio, of the incident. The video shows Matney and plaintiff looking at the lawnmower indoors, with Matney working on the lawnmower. Plaintiff then goes to the controls of the lawnmower while Matney continues to stay at the base of the mower. Next, Matney goes to the controls, and plaintiff goes to the base. Matney told plaintiff to pick up the lawnmower, and plaintiff did not understand at first. Matney repeated to plaintiff that he should pick up the lawnmower. When plaintiff picked up the mower, the blades cut parts of six of plaintiff's fingers and partially amputated two fingers. The video shows that plaintiff's grandchildren witnessed the incident and were upset by it.

Plaintiff originally believed that he did not start the lawnmower at Home Depot and that the mower was not running when he picked it up. However, after reviewing the video, plaintiff

4

now believes that he started the lawnmower and that it was running at the time he was instructed to pick it up.  Plaintiff did not believe that picking up the lawnmower at the spot where he did would result in injuries.

Plaintiff asserts a cause of action for negligence against Home Depot; negligent hiring, supervision, training, and retention against Home Depot; negligence against Matney; and gross negligence against Matney and Home Depot.

III.

<u>Grounds of Plaintiff's Motion to Amend Pleadings, Join Party, and Remand and Nature of Home Depot's Response</u>

Plaintiff argues that leave to amend his complaint and join a non-diverse defendant should be granted because there was no undue delay, no bad faith or dilatory motive, no repeated failure to cure deficiencies by previous amendments, there will be no prejudice to Home Depot, and the amendment is not futile. Further, plaintiff contends that the purpose of the amendment is not to defeat diversity, plaintiff was not dilatory in asking for amendment, and plaintiff may be significantly injured if amendment is not allowed.  Finally, plaintiff asserts that if leave is granted, there will not be complete diversity between plaintiff and defendants and the action should be remanded.

Home Depot argues that it is apparent that the sole purpose of adding Matney is to defeat diversity, that amendment would be futile because Home Depot would be liable for Matney's alleged conduct, that plaintiff will not be significantly injured by denial of the motion, and that other factors bearing on equity favor denying amendment.

IV.

## Analysis

A.   Motion to Amend Pleadings, Join Party, and Remand

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, leave is not automatic, and is at the discretion of the court. Moore v. Manns, 732 F.3d 454, 456 (5th Cir. 2013).  Further, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  The court should scrutinize an amended pleading that seeks to join a non-diverse defendant more closely than an ordinary amended pleading.  Moore, 732 F.3d at 456.  The court should consider several factors in deciding whether to allow leave under such circumstances, including "the extent to which the purpose of the

6

amendment is to defeat federal jurisdiction, whether plaintiff

has been dilatory in asking for amendment, whether plaintiff will

be significantly injured if amendment is not allowed, and any

other factors bearing on the equities." Id. (quoting Hensgens v.

Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)) (internal

quotation marks omitted).

Plaintiff contends that the purpose of amending its

complaint to include Matney is not to defeat diversity. Rather,

plaintiff argues, Matney was directly and personally involved in

the incident that caused plaintiff's injuries and has potential

liability. However, the court agrees with Home Depot that the

first factor the court should consider favors denying plaintiff's

motion. When analyzing whether the purpose of plaintiff's

amendment is to defeat diversity, the court should consider

"whether the plaintiff[ ] knew or should have known the identity

of the non-diverse defendant when the state court complaint was

filed." Priester v. Long Beach Mortgage Co., No. 4:10CV641, 2011

WL 6116481, at *2 (E.D. Tex. Dec. 8, 2011) (adopting report and

recommendation) aff'd sub nom. Priester v. JP Morgan Chase Bank,

N.A., 708 F.3d 667 (5th Cir. 2013) (quotation marks and citation

omitted). Here, plaintiff was aware of the existence and

involvement of a Home Depot employee at the time he filed his

state court petition, and yet chose not to add him as a party

with potential liability, even as an unknown defendant, or to
assert any claims involving the employee, such as a claim for
negligent hiring or training, until after Home Depot removed the
action to federal court.  Therefore, the first factor weighs in
favor of denying plaintiff's motion to amend pleadings, join
party, and remand.

As to the second factor the court should consider, whether
plaintiff was dilatory in seeking amendment, plaintiff contends
that he was not dilatory because he sought Matney's identity
through discovery in state court and through informal
communication with Home Depot's counsel, and then sought
amendment very shortly after learning about Matney.  Plaintiff
did seek amendment very shortly after removal, but, as explained
above, plaintiff knew about the existence of a potential claim
against the Home Depot employee at the time he initiated this
action in state court.  Therefore, the second factor is either
neutral or weighs only slightly in plaintiff's favor.

The third factor supports denying plaintiff's motion to
amend, join party, and remand.  Plaintiff argues that he will be
significantly injured if amendment is not allowed because the
statute of limitations for his claims expires September 1, 2014,
and he will be unable to bring Matney into this matter after that
time or will have to pursue a parallel action against him in

8

state court.  One of the considerations for this third factor is whether the named, diverse defendant would be unable to satisfy a judgment.  <u>Priester</u>, 2011 WL 6116481, at *3.  Here, Home Depot admits that it would be liable for any tortious act committed by Matney giving rise to plaintiff's injuries, and there is no indication that Home Depot would be unable to satisfy any future judgment.  Therefore, the third factor favors denial of plaintiff's motion.

In sum, the balance of the factors that the court should consider in deciding whether to allow leave to amend a pleading that seeks to join a non-diverse defendant is in favor of denying plaintiff's motion to amend pleadings, join party, and remand.

B.   <u>Agreed Motion for Extension of Time to File Motion for Leave to File First Amended Complaint</u>

Because plaintiff has now filed his motion to amend pleadings, his motion for extension of time to do so is being denied as moot.

V.

<u>Order</u>

Therefore,

The court ORDERS that plaintiff's motion to amend pleadings, join party, and remand be, and is hereby, denied.

9

The court further ORDERS that plaintiff's agreed motion for extension of time to file motion for leave to file first amended complaint be, and is hereby, denied as moot.

The court further ORDERS that plaintiff by August 15, 2014, (1) file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of Texas and that does not include Matthew Matney as a defendant, and (2) serve the amended complaint on Home Depot.

The court further ORDERS that by August 29, 2014, Home Depot file an answer, or otherwise respond, to the amended complaint.

The court further ORDERS that failure of any party to comply with the terms of this order may result in the imposition of sanctions, including dismissal of the action or default judgment, without further notice.

SIGNED August 6, 2014.

JOHN McBRYDE
United States District Judge

10